**RX DELIVERY SERVICE, INC., Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, et al., Respondents.**

**No. WD 35268.**

Missouri Court of Appeals, Western District.

Sept. 25, 1984.

Charles P. Todt, St. Louis, for appellant.

Rick V. Morris, Jefferson City, for respondent Division of Employment Security.

Catherine J. Barrie, Jefferson City, for Labor & Industrial Relations Commission.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

KENNEDY, Presiding Judge.

This is an appeal by an employer from a decision of the Circuit Court of Cole County affirming a decision of the Labor and Industrial Relations Commission holding that certain persons engaged in delivery of packages to drug store customers were employees of RX Delivery Service, Inc., within the meaning of Missouri's Employment Security Act, Section 288.034, RSMo 1969.

We affirm.

At issue is whether, after January 1, 1973, RX delivery drivers were employees

within the meaning of Section 288.034.5, RSMo 1969. RX maintains that its delivery drivers were independent contractors. We disagree.

RX assigns drivers to deliver packages for St. Louis City and County drug stores and medical centers. The area is divided into ten geographical territories, and drivers pick up packages from participating drug stores in their respective territories. Twice a day, six days a week, drivers meet at a building rented by RX to sort and exchange packages which are picked up in one territory to be delivered to another driver's territory. RX president Robert Willen is present at the time of the exchange to reassign packages if a driver of an assigned area is absent or to deliver them himself if necessary. If the drivers have collected payment from customers, he in turn collects the money from them and then remits it to the originating drug store.

RX sets prices to be charged to the drug stores for their package delivery and also sets commissions, done on a fee per package basis, that the drivers receive for delivering those packages. The drivers are paid commissions weekly for the deliveries they have made. They either drive their own cars or lease cars from RX to use in delivery.

Although RX furnishes no written instructions to its drivers, the drivers are expected to be neat in appearance and to comply with instructions RX passes on to them from the drug stores. Any complaints about a driver from a customer are channeled from the store through Willen to the driver. Willen had fired drivers on occasion for "drunkenness, stealing, whatever."

Our review is limited to determining whether competent, substantial evidence exists to support the Commission's findings, § 288.210, RSMo 1978. The subsections of Section 288.034.5, set out in the margin,[1] are linked by the conjunction "and," requiring therefore that all three conditions be met by appellant to justify its claim that the drivers were independent contractors and thus not employees subject to the Unemployment Compensation Law. The Appeals Tribunal found that RX had failed to show that it met any of the section's three criteria for exemption. We confine our consideration to the issue whether the third condition was satisfied, and we determine that there was substantial and competent evidence to support the Commission's finding that the drivers were not "customarily engaged in an independently established trade, occupation, profession or business".

In order to be removed from the Unemployment Compensation coverage as an independent contractor, the employee (or the independent contractor) must be shown by the employer to be "customarily engaged in an independently established trade, occupation, profession or business." This court considered that section in *Koontz Aviation, Inc. v. Labor and Industrial Relations Commission,* 650 S.W.2d 331 (Mo. App.1983), on facts very much like those presented by the present case. RX has made no attempt to distinguish *Koontz.* We find that case to be dispositive of the present case.

Koontz Aviation, Inc. conducted an airline baggage delivery service. To carry out its agreement with various airlines to

---

1. Section 288.034.5, RSMo 1969, reads:

5. Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for wages shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that

(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in independently established trade, occupation, profession or business.

**938**

deliver to passengers' homes baggage that had arrived too late for passenger pick-up, Koontz hired drivers and paid them a percentage of the delivery charge. The drivers drove their own cars and paid their own expenses.

In construing the "independently established trade, occupation, profession or business" requirement, this court in *Koontz* cited *Vermont Securities, Inc. v. Vermont Unemployment Compensation Commission*, 118 Vt. 196, 104 A.2d 915, 917 (1954), a case which construed an identically worded statute:

> The adverb "independently" clearly modifies the word "established", and must carry the meaning that the trade, occupation, profession or business was established, independently of the employer or the rendering of the personal service forming the basis of the claim. The present tense "is" indicates the individual must be engaged in such independent activity at the time of rendering the service involved. "Customarily" means usually, habitually, regularly.

650 S.W.2d at 334.

This court held that the drivers "had not established their occupation independent of Koontz at the time they rendered the services under consideration," and that they "were dependent upon Koontz for their business...." *Id.*

With a change of names, the *Koontz Aviation* language could be written about the case before us. The drivers were dependent upon RX for their business. They delivered the merchandise only by virtue of RX's contract with the drug stores. They were not "independently established" in the drug delivery business; they were not "an entrepeneurial enterprise enjoying such a degree of economic independence that the enterprise can survive [independent of] any relationship with the particular person contracting for the services", *Revlon Service, Inc. v. Employment Division*, 30 Or.App. 729, 567 P.2d 1072, 1075 (1977), quoted in *Koontz Aviation* at 650

S.W.2d at 334. *See also Heritage Exteriors, Inc. v. Labor and Industrial Relations Commission*, 669 S.W.2d 625, 627–28 (Mo.App.1984).

We find the Labor and Industrial Relations Commission decision, adopting that of the Appeals Tribunal, is supported by competent and substantial evidence.

The judgment is affirmed.

All concur.

