Richard J. McDONALD, John H. Kramer and Warren E. Bringaze, d/b/a K & B Builders Home Improvement Co., Appellants,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Respondents.

No. WD 42033.

Missouri Court of Appeals, Western District.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1990.

Application to Transfer Denied June 19, 1990.

Charles E. Rendlen, Donald M. Bastian, Rendlen, Ahrens and Rendlen, Hannibal, for appellants.

Susan P. Haag, Sandy Bowers, Jefferson City, for Mo. Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for Labor and Indus. Relations Com'n.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

An appeals referee in the Division of Employment Security found that certain siding applicators were deemed to be employees of K & B Builders Home Improvement Company. The Labor and Industrial Relations Commission denied review and the circuit court affirmed.

K & B contends that the Division attempted to apply its ruling to 30 or 40 individuals when it only heard testimony concerning four and that the decision was not based upon substantial and competent evidence. Affirmed in part and reversed and remanded in part.

K & B has its place of business in Taylor, Missouri, where it sells cabinets, siding, lumber, replacement materials and remodeling supplies for buildings. A large part of its business is the selling of siding. When K & B obtained a siding job it re-

quested bids from siding applicators. The applicators used their own tools and vehicles and K & B provided the materials. The applicators were free to do the job according to the specifications which they were given. K & B did not have any on-site supervisor at the place the applicators were applying siding.

At the hearing, before the appeals referee, four siding applicators testified. Don Stolte said that he considered himself to be self-employed because he had advertised occasionally for work for himself, but usually got business by "word of mouth." He did not have a telephone listing for a business. From January 1, 1981, to the date of the hearing in 1986, he had completed about 20 jobs on his own. K & B was the only company that he worked for and he stated that about 75 percent of his income came from K & B from January 1, 1981, to the date of the hearing.

Bill Biesterfield stated that he worked for K & B and that he had not worked for anyone else, or received any income from anyone else, since January 1, 1981.

Gary Randall stated he had not worked for any other company since January 1, 1981, but that he had performed two or three jobs each year on his own. He said about 75 percent of his income from siding work came from K & B. He stated he did not advertise but got work through referrals.

William Howell stated he had done three or four jobs a year on his own since January 1, 1981, although he did not advertise for work. He estimated that about 80 percent of his income came from K & B.

The appeals referee concluded that the four individuals who testified did not satisfy the third requirement of § 288.034.5, RSMo 1986, and were thus deemed to be employees of K & B. Section 288.034.5[1] provides that an individual shall be deemed to be in employment subject to the Employment Security Law, unless it is shown to the satisfaction of the Division that the individual is free from control or direction for the performance of the service, and that the service is performed either outside the usual course of business for which the service is performed or the service is performed outside of all the places of business of the enterprise for which such service is performed. The third requirement is the one in question in this case, since the Division concedes that the four individuals met the first two requirements. The third requirement is that the individual must be customarily engaged in an independently established trade, occupation, profession or business.

In *Koontz Aviation v. Labor & Indus. Rel. Com'n*, 650 S.W.2d 331, 334 (Mo.App. 1983), this court quoted from *Revlon Service, Inc. v. Employment Division*, 30 Or. App. 729, 567 P.2d 1072, 1075 (1977), as follows:

> The ultimate issue is whether the person performing the services is an entrepreneurial enterprise enjoying such a degree of economic independence that the enterprise can survive any relationship with the particular person contracting for the services.

In short, the test to be applied in this case is whether the four persons who testified were engaged in an entrepreneurial enterprise which enjoyed such a degree of economic independence that it could survive without any relationship with K & B.

The evidence recounted above is substantial and competent evidence from which the Division could find that the four persons who testified did not meet the test of § 288.034.5 and properly classified them as employees of K & B. The case of Biesterfield is clear since he testified that all of his income came from K & B. The other three testified that they did only two to four jobs per year on their own and that from 75 to 80 percent of their income came from K & B. This evidence does not show that these three were engaged in an enterprise which could survive without a relationship with K & B.

The record is not clear as to whether the Division purported to find 30 to 40 other persons who did siding applications

---

1. Section 288.034.5 was repealed in 1989 and completely rewritten. RSMo 1989 Supp.

for K & B to be employees based on the testimony of the four employees who testified. The caption of the proceeding before the appeals referee is "in the matter of whether effective January 1, 1981 Mike Smith, Gary Van Camp, Bill Biesterfield and all others similarly engaged" performed services for wages for K & B so as to become employees for the purpose of the Employment Security Law of K & B. Section 288.034.5 provides the test for whether an individual is to be deemed an employee under the Employment Security Law. The test provided by that section is to be applied to each individual and is not to be applied to groups of individuals. The test is based on each individual being found to be customarily engaged in an independently established trade, occupation, profession or business. To make a determination of whether any individual is to be considered an employee, within the meaning of the Employment Security Law, requires evidence as to whether each individual is customarily engaged in an independently established calling. This test cannot be satisfied with reference to others similarly situated but requires evidence concerning each individual whose status is in question.

The judgment finding that Stolte, Biesterfield, Randall, and Howell are deemed to be employees of K & B within the meaning of the Employment Security Law is affirmed. The judgment insofar as it purports to find that other siding applicators who perform service for K & B are deemed to be employees is reversed because there is no substantial and competent evidence with reference to any other persons except the four named above.

The judgment is affirmed as to Stolte, Biesterfield, Randall, and Howell. As to any other individuals the judgment is reversed and this cause is remanded to the circuit court with directions to remand this cause to the Labor and Industrial Relations Commission for further proceedings.

All concur.

