**In re ESTATE of George E. MAPES, Deceased.**

**William L. CROOKS, et al., Appellants,**

v.

**James T. HOLCOMB and John L. Holcomb, Respondents.**

**No. WD 44203.**

Missouri Court of Appeals, Western District.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Application to Transfer Denied Nov. 19, 1991.

Charles A. Powell, Jr., Macon, for appellants.

Ralph Max Humphreys, Jefferson City, for respondents.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

FENNER, Presiding Judge.

Appellants are the residuary legatees under the will of George E. Mapes. Respondents were joint owners of bank accounts, stocks and certificates of deposit with the decedent, George Mapes. The parties to this action have been involved in extensive

litigation since the death of George E. Mapes. See, *In Matter of Estate of Mapes*, 681 S.W.2d 476 (Mo.App.1984), (*Mapes I*); *In re Estate of Mapes*, 738 S.W.2d 853 (Mo. banc 1987), (*Mapes II*); and *In re Estate of Mapes*, 789 S.W.2d 44 (Mo.App.1990), (*Mapes III*). Hopefully, the matter at hand, (*Mapes IV*) will, at long last, resolve this litigation.

In this case, appellants appeal from an order of the trial court apportioning the United States Estate Tax in the Estate of George E. Mapes. The apportionment was between the inventoried estate property and the non-probate property that George Mapes held jointly with respondents, James and John Holcomb. Appellants argue that the apportionment was improperly computed and that the court's finding of interest due from the respondents was inadequate and erroneous.

▮ Appellate review in this court tried case is as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

Preliminary to the issues raised by appellant, we first address respondents' attack upon the trial court's jurisdiction. Respondents argue that the trial judge lacked jurisdiction to enter his orders in regard to the estate taxes. Underlying the litigation in regard to the Estate of George Mapes, was a three count petition. Count I was for discovery of assets, Count II was in relation to the matter presently before us, Federal Estate Tax, and Count III was in relation to Missouri Inheritance Tax.

The judge presiding over the cause initially disqualified himself. Judge Robert B. Loman was then assigned to preside over the cause which was pending in the Circuit Court of Grundy County, Probate Division. Appellants then filed a motion for change of judge and change of venue. Thereafter, Judge Frank Tolen was assigned to the cause by order of the Missouri Supreme Court. Venue for the issues joined in Count I for discovery of assets was transferred to Daviees County and later to Livingston County, for trial by jury as a separate cause. Venue of the issues joined under Counts II and III was left before the court in Grundy County. Judge Richard Parker was thereafter assigned by the presiding judge of the circuit of which Grundy County is a part, the Third Judicial Circuit, to preside over the issues which remained with the court in Grundy County.

▮ Judge Parker's assignment was pursuant to the effective statute at the time, § 478.240.2, RSMo 1986. Furthermore, even if for the sake of argument, Judge Parker had been without specific authority, he would have had de facto authority since he was a duly qualified judge of the circuit in question and purported to act under assignment of the presiding judge. There was no objection at trial to Judge Parker's authority. Any lack of authority of Judge Parker would have been a matter of error, not jurisdiction, and not being timely objected to was waived. *State v. Householder*, 637 S.W.2d 324, 327 (Mo.App.1982).

Judge Parker clearly had jurisdiction to act. Respondents' argument to the contrary is totally without merit.

In their first point, appellants argue that the trial court erred in fixing the estate tax liability of respondents at $17,234.14. Appellants argue that the trial court should have computed the estate tax on the basis of the taxable estate rather than the gross estate. Appellants argue that the formula for equitable apportionment should be the value of the property received by the party participating in apportionment divided by the net estate, times the total estate tax liability. Appellants would calculate the net estate by subtracting from the gross estate all deductions for estate tax purposes. The relevant figures in the case at bar show that the trial court computed equitable apportionment of the estate tax liability of respondents by dividing the value of the property received by the respondents by the gross estate and then multiplying the total estate tax liability by the resulting percentage.

In Missouri, the doctrine of equitable apportionment is applied in determining how estate taxes are to be paid, in the absence of a clear contrary direction of the testator. *Mapes I,* at 476. The doctrine of equitable apportionment operates to prorate the burden of estate taxes on the property which generates the taxes and exonerates therefrom property which does not. *In re Estate of Nease,* 643 S.W.2d 97, 100 (Mo.App.1982). Equity is justice administered with fairness, as contrasted with strictly formulated rules of common law. *Black's Law Dictionary 484* (5th Ed. 1979). The principles of equity are elastic so as to preserve their flexibility to meet the requirements of a given case. *Cannon v. Bingman,* 383 S.W.2d 169, 174 (Mo.App. 1964).

It is not necessarily erroneous to calculate an equitable apportionment of estate taxes on the basis of what is considered the gross estate for estate tax purposes. *Carpenter v. Carpenter,* 364 Mo. 782, 267 S.W.2d 632, 641–642 (1954). However, there is no strict formula for equitable apportionment of estate taxes. Equitable apportionment of estate taxes rests within the sound discretion of the trial court.

The trial court did not abuse its discretion in equitably apportioning the estate tax liability of respondents.

Appellants next argue that the trial court erred by not ordering respondents to pay pre-judgment interest on their estate tax liability from September 10, 1981, the date the estate tax was paid to the IRS by the estate.

In determining whether pre-judgment interest should be awarded, the significant questions are whether and when the amount due became liquidated. *Twin River Construction Co. v. Public Water District No. 6,* 653 S.W.2d 682, 695 (Mo. App.1983). A claim may be said to be liquidated as to bear interest when the amount due or to become due is fixed by law or by agreement of the parties. *Id.*

In the case at bar, the trial court was charged with equitably apportioning the estate tax liability. Appellants took the position that the net estate should have been used in apportioning the estate tax and further that a certain sum that the parties agreed would not be obligated to share in the tax liability should have further been deducted from the net estate in computing an equitable apportionment. The evidence reflects a legitimate dispute between the parties as to the amount of the estate tax to be borne by respondents. The amount due from respondents was not liquidated and the trial court did not error in failing to allow prejudgment interest.

The judgment of the trial court is affirmed.

All concur.