Danny BURNS, d/b/a Elite
Rooftops, Appellant,

v.

LABOR & INDUSTRIAL RELATIONS
COMMISSION, et al.,
Respondents.

No. 74962.

Supreme Court of Missouri,
En Banc.

Jan. 26, 1993.

**554**

Donald W. Jones, Steven E. Marsh, Rebecca A. McCoy, Springfield, MO, for appellant.

Ninion S. Riley, Sandy Bowers, Victorine R. Mahon, Jefferson City, MO, for respondents.

HOLSTEIN, Judge.

Danny Burns, doing business as Elite Rooftops (hereinafter Burns), appealed from a judgment of the circuit court affirming a decision of the Labor and Industrial Relations Commission (hereinafter Commission), which affirmed a decision by the Division of Employment Security.

That decision found Burns to be an employer of thirty-one individuals and, therefore, subject to payment of employment security taxes for 1987 and 1988. Burns claims there is no substantial evidence to support the determination that the individuals involved performed services for wages while in Burns' employment. He claims the individuals were independent contractors. Following opinion by the Missouri Court of Appeals, Western District, this Court granted transfer. Affirmed.

In order to establish a fund for the payment of unemployment compensation to individuals, employers are required to make specified payments during each calendar year. *§ 288.090*, RSMo.[1] An employer includes any individual which in any calendar quarter of the current or preceding calendar year paid wages of $1,500 or more for service in employment. *§ 288.032.2(1)*. Section 288.034.5 provides:

Irrespective of the usual test for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the Division that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside all of the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

The decision of the Commission is reviewed, not the judgment of the circuit court. *Westerheide Tobacco & Cigar Co. v. Labor and Indus. Relations Comm'n*, 723 S.W.2d 936, 938 (Mo.App.1987). The findings of the Commission as to facts, if supported by competent and substantial evidence *and in the absence of fraud, are*

---

**1.** All references to statutes are to RSMo 1986     unless specified otherwise.

conclusive. *§ 288.210.* Determination of the credibility of witnesses is a function of the Commission. *Edmonds v. McNeal,* 596 S.W.2d 403, 408 (Mo. banc 1980). This Court reviews the evidence in a light most favorable to the findings and decision of the Commission and must disregard all opposing and unfavorable evidence. *Pulitzer Publishing Co. v. Labor and Indus. Relations Comm'n,* 596 S.W.2d 413, 419 (Mo. banc 1980). The record is reviewed with those standards in mind.

■ In 1988, an audit was conducted of Burns' payroll records by the Division of Employment Security. The payroll records reflected taxable wages paid to thirty-one named individuals for 1987. The total wages exceeded $1,500 in each of the four quarters of that year. Based on the payroll records, the Division of Employment Security made a determination of liability and an assessment of contribution for unemployment taxes for 1987 and 1988. A hearing was thereafter conducted before an appeals referee of the division. At that hearing, the results of the audit were adduced.

In response, Burns presented evidence regarding the nature of his business. Burns entered into contracts with homebuilders to furnish the labor for roofing new homes. The labor would be priced to the builder on the basis of the number of squares used in construction, although the materials were provided by the builder. Burns would then subcontract or hire others who actually did the work. These individuals also worked by the square, furnishing their own tools and transportation. Burns did not supervise the roofers, although he did check the first job each did to satisfy himself the roofer was competent. Burns claimed that he was only interested in the finished job and that it be completed within a reasonable time. If a roofer's work was faulty, he was expected to correct it without additional compensation. However, in at least some instances, a roof was put on by a number of different persons who were paid individually by Burns. Burns did not explain how he would decide which roofer was responsible for a particular problem. In addition, Burns' testimony does not establish whether he had the authority to terminate the work of a roofer whose work was unsatisfactory in the middle of a job. But if work was unsatisfactory, Burns would not use the roofer on later jobs.

In November of 1987, Burns had some of the roofers sign a document titled, "Guarantee by Construction Contractor to Danny Burns, d/b/a Elite Roofing." Among the declarations contained in the agreement was, "It is my understanding that as an independent contractor and business, I will not be considered an employee of Elite Rooftops or its owner." The guarantee also provided that the "independent contractor" was responsible to pay the wages, social security and unemployment taxes on any individual employed to assist in the work and that the work was guaranteed from defects in workmanship for a period of one year following completion of the project.

Applying the standards set forth in § 288.034.5, the first step in determining the status of these thirty-one individuals as independent contractors or employees is to determine whether they performed services for remuneration. Burns does not dispute that each individual performed services for remuneration.

The second determination is whether "it is shown to the satisfaction of the Division" that each of the three requirements of § 288.034.5 has been met. *Heritage Exteriors, Inc., v. Labor and Indus. Relations Comm'n,* 669 S.W.2d 625, 628 (Mo. App.1984). Burns' brief admits that the evidence establishes that the individuals were paid for services, but he argues such evidence only creates a rebuttable presumption of employment and that once evidence contradicting the presumption comes into the case, the presumption disappears.[2] Burns relies on *Forbis v. Forbis,* 274

2. This is only a partial statement of the rule. For a more complete statement of the rule see *Terminal Warehouses of St. Joseph, Inc. v. Rein-* ers, 371 S.W.2d 311, 316–17 (Mo.1963); *In re Estate of Mapes,* 789 S.W.2d 44, 47 (Mo.App. 1990).

S.W.2d 800, 807 (Mo.App.1955); *Duff v. St. Louis Mining and Milling Corp.*, 363 Mo. 944, 255 S.W.2d 792 (1953), and *In re Estate of Mapes*, 789 S.W.2d 44 (Mo.App. 1990). None of those cases specifically involved the interpretation of the statute under consideration here.

Section 288.034.5 goes beyond merely creating a presumption of employment upon a showing of payment for services. In addition, once the payment for services is established, the statute imposes a burden on the payor to prove the three requirements necessary to show that the payee is an independent contractor. Concomitant with the burden of proof is the risk of nonpersuasion. *See* 9 Wigmore, *Evidence*, § 2485 at 285 (Chadbourn rev. 1981). Cases construing similar statutory language in other jurisdictions have reached the same result. *Hasco Mfg. Co. v. Maine Employment Security Comm'n*, 158 Me. 413, 185 A.2d 442, 443 (1962); *Weiss–Lawrence, Inc. v. Riley*, 100 N.H. 41, 118 A.2d 731, 734 (1955); *Peasley v. Murphy*, 381 Ill. 187, 44 N.E.2d 876, 879 (1942); *Unemployment Compensation Comm'n v. Jefferson Standard Life Ins. Co.*, 215 N.C. 479, 2 S.E.2d 584, 588 (1939).

To succeed in this case, Burns had the burden of proving each of the three requirements necessary to establish an independent contractor relationship with the roofers. The fact finder in this case was initially the Division of Employment Security, followed by an appeals referee of the Division of Employment Security and, on appeal from that decision, the Commission. Each fact finder concluded that all thirty-one individuals who had been paid remuneration for services by Burns were in his employment and not independent contractors.

This Court need only consider the third statutory requirement to dispose of this case. Under that requirement, Burns was to prove that one or more of the thirty-one individuals were customarily engaged in an independently established trade. In this regard, Burns testified, "All these persons have their own little roofing businesses...." In addition to his own testimony,

he offered the testimony of roofers Dennis Russell Goacher and Fred Anderson. Goacher testified he had been in the roofing and siding business for about 25 years, mostly in the Kansas City area. The details of how Goacher operated that business or how he solicited customers are undisclosed. When business was slow, Goacher would contact Burns. During 1987, Burns accounted for 20–25% of Goacher's employment. Anderson testified that he depended almost wholly on Burns for his jobs.

The Commission, as fact finder, was free to disbelieve or discount the self-serving testimony of Burns. Similarly, the Commission, as fact finder, was free to disbelieve Goacher or conclude that during those times that Goacher worked on roofing jobs which had been solicited by Burns, Goacher was not in his "customary" roofing and siding business but was an employee no different from others working for Burns. Clearly, Anderson was not customarily engaged in an independent trade or business from that of Burns.

■ Incident to his argument that there was no substantial evidence to support the Commission's conclusion, Burns cites *McDonald v. Labor and Indus. Relations Comm'n*, 789 S.W.2d 69 (Mo.App.1990). In that case, the Commission attempted to apply its ruling to thirty or forty individuals although it only had evidence before it concerning four individuals. The court of appeals noted that the test required by § 288.034.5 must be "applied to each individual and not to be applied to groups of individuals." 789 S.W.2d at 71. That statement of law is correct. However, the court of appeals went on to say, "To make a determination of whether any individual is to be considered an employee, within the employment security law, *requires evidence* as to whether each individual is customarily engaged in an independently established calling." *Id.* (emphasis added). As can be seen from this Court's discussion in this case, that portion of the *McDonald* ruling is inconsistent with the statute. If a showing is made that money was paid to an individual for services, that evidence is suf-

ficient under the employment security law to establish that the payee was an employee. While there must be evidence that each individual was paid money, the Commission is under no obligation to prove that each individual was not customarily engaged in an independently established calling as is suggested by *McDonald.* To that extent, *McDonald* is overruled. All that need be established to support the finding that the thirty-one individuals were employees was evidence that each performed services for remuneration. The payroll records amply support that finding.

It is Burns, not the Commission, who was obligated to prove that each roofer was customarily engaged in an independent trade, occupation or business. The determination of that fact is entirely dependent on the credibility of witnesses. Viewing the evidence from a perspective favorable to the Commission's findings, as we must, the Commission's conclusion that Burns "has failed to show that any one of the roofers ... [was] engaged in a roofing business at the time of [its] service for the appellant which could exist independently of [its] association with appellant or other similar companies" is supported by competent and substantial evidence.

In 1989, the three part test of § 288.034.5 was amended, and a single test was substituted, which applies "the common law of agency right to control" test. Burns argues that the statute should be applied retrospectively. Article I, § 13 of the Missouri Constitution forbids the enactment of any law retrospective in its operation. However, one of the exceptions to that rule is that where a statute is procedural only and does not affect substantive rights, it may be retroactive. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974). To give the amendment retrospective effect here would impact upon many workers' rights already vested in unemployment compensation. The amendment is clearly substantive and it therefore may not be retroactive.

The judgment of the circuit court affirming the decision of the Commission is affirmed.

All concur.