MISSOURI SHELFCO, INC., Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Respondents.

No. WD 45349.

Missouri Court of Appeals,
Western District.

March 9, 1993.

Julie L. Compton, St. Louis, for appellant.

Ninion S. Riley, Jefferson City, for Division of Employment Sec.

Victorine R. Mahon, Jefferson City, for Labor and Indus. Relations Com'n.

Before LOWENSTEIN, C.J., and BERREY and SMART, JJ.

BERREY, Judge.

This is an appeal from a decision of the Missouri Labor and Industrial Relations Commission affirming a decision by the Division of Employment Security wherein the Division held that installers C. Koenig, D. Weiss, L. Rosenblatt, H. Gaterman, and all others similarly employed, are employees of appellant, Missouri Shelfco, Inc., under Missouri Employment Security Law. Appellant contends the installers are independent contractors because they are all engaged in independently established businesses, they performed their work outside of Shelfco's place of business and Shelfco does not exercise sufficient control over their work to classify them as employees. The judgment of the Labor and Industrial Relations Commission is affirmed in part and reversed in part.

On July 29, 1988, the Division of Employment Security ("Division") issued a determination of liability in which it determined that services performed for Missouri Shelfco, Inc. ("Shelfco") "by C. Koenig, D. Weiss, L. Rosenblatt, H. Gaterman and all others similarly employed since August 6, 1984, constitute employment" and "[a]mounts paid for such services constitute wages." Shelfco filed a timely appeal alleging all shelving installers are independent contractors. The Appeals Tribunal heard the appeal on July 24, 1990, and affirmed the administrative determinations of the deputy. The Tribunal based its de-

termination on Shelfco's failure to meet two of the three tests for independent contractor as specified in § 288.034.[1] The Tribunal determined that Shelfco exercised control over the performance of the installers and that the installers were not engaged in an independently established trade, occupation, business or profession. The Tribunal's determination is for the period beginning August 6, 1984, the inception date of Shelfco, to June 30, 1989, the date the statutory definition of independent contractor changed.

At the hearing, the office manager, Ms. Forister, testified as to the general operation of Shelfco. Shelfco is engaged in the installation of shelving and bath accessories in homes under construction in the St. Louis metropolitan area. In order to get work assignments, installers call Shelfco each morning they want to work. If Shelfco needs shelving installed, the jobs are assigned on a first-call, first-assigned basis.

Shelfco provides the installers with the shelving materials, a template for measuring, and the appropriate address, but does not set a work schedule or require installation to be performed at a specific time. Installers are not required to wear special clothing. Shelfco neither supervises nor reviews the performance of the installer. Ultimate approval or acceptance of the work is up to Shelfco's customers. Shelfco withholds thirty percent of the installers' fees to cover any additional work that may be required on a job. If additional work is required, the original installer is contacted to complete the work. If he chooses not to, another installer is contacted and paid from the withheld amount. If no additional work is required or the original installer completes the additional work satisfactorily, the withheld amount is paid to the installer at the end of each quarter. If the installer fails to return the template, $100.00 is deducted from the thirty percent withheld.

Ms. Forister testified that most of the installers work for other persons and entities. An installer may have one of his own employees perform the installation for Shelfco. Some installers advertise in the yellow pages and some have business cards. Shelfco submitted copies of business cards of some installers. The installers "come and go" and Shelfco never knows from day to day who will call in to request work. The installers provide their own tools and transportation to the job site. If Shelfco receives "enough complaints" about an installer, that installer will not be given additional work. Shelfco does not provide paid holiday or vacation benefits to the installers, nor does it provide workers' compensation or any other insurance benefits to the installers.

Two installers testified on behalf of Shelfco. Installer Barger testified that he is self-employed and also installs shelving for Shelfco. Barger stated that Shelfco will not hold jobs for him. "If I don't call in by 8 o'clock I don't get no work." Barger advertises in neighborhood shoppers and has been an installer for twenty-six years. He began installing for Shelfco in September or October 1989, when the Commission's determination was no longer effective.

Installer Herbst testified that he is self-employed and works for Shelfco "periodically." According to his testimony, Herbst owns his own business, does not work exclusively for Shelfco, advertises in the yellow pages and has his own business card. Herbst performed services for Shelfco during the relevant time period. Herbst was unable to say what percentage of his income was derived from Shelfco. Shelfco contends that these two installers are representative of the class of installers who performed services for appellant during the time period in question.

Shelfco appealed the decision of the Appeals Tribunal which the Labor and Industrial Relations Commission ("Commission") affirmed, whereupon Shelfco filed a petition for review. Pursuant to Shelfco's petition for review, the Circuit Court of Cole County, Missouri determined that the Commission's decision is "supported by competent and substantial evidence and is correct

---

1. Unless otherwise specified, all statutory references are to RSMo 1986.

as to the law" and entered a judgment affirming the decision. This appeal followed, after which this court handed down its opinion following the holding in *McDonald v. Labor and Indus. Relations Comm'n*, 789 S.W.2d 69 (Mo.App.1990), as to "all others similarly employed." Subsequently, respondents applied for and were granted transfer to the Supreme Court of Missouri. Upon handing down its opinion in *Burns v. Labor & Indus. Relations Comm'n*, 845 S.W.2d 553 (Mo. banc 1993), addressing identical issues, the Supreme Court retransferred the case to this court for determination in light of its holding in *Burns*.

■ On appeal, this court reviews the decision of the Commission, not the judgment of the circuit court. *Westerheide Tobacco & Cigar Co. v. Labor and Indus. Relations Comm'n*, 723 S.W.2d 936, 938 (Mo.App.1987). We review that decision with the following standards in mind. If supported by competent and substantial evidence and absent fraud, the findings of the Commission as to the facts are conclusive. § 288.210. It is the administrative tribunal's function to determine credibility of the witnesses. *Edmonds v. McNeal*, 596 S.W.2d 403, 408 (Mo. banc 1980). This court may not substitute its judgment on the evidence nor may we set aside an administrative decision unless it is clearly contrary to the overwhelming weight of the evidence. *Pulitzer Publishing Co. v. Labor and Indus. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980).

Employers are required to make specified payments during each calendar year to establish a fund for payment of unemployment compensation to qualified individuals. § 288.090. Employer, as it pertains to this action, is defined by § 288.032.1(1) and includes anyone who, in any calendar quarter in either the current of preceding calendar year, paid wages of $1,500.00 or more. Shelfco does not dispute that it paid remuneration to various installers exceeding $1,500.00 per quarter beginning the third quarter of 1984 through the first quarter of 1988.

On appeal, Shelfco raises three points of error: (1) no competent and substantial evidence supports the Commission's decision that installers are employees of Shelfco and not independent contractors; (2) the Commission erroneously applied its decision not only to the individuals named in the caption, but to "all others similarly engaged"; and (3) the 1991 amendment to § 288.034.5, RSMo 1991, requires the proceeding be remanded to the Commission for determination under the current definition of independent contractors. During oral argument, counsel for appellant stated that Shelfco has abandoned the arguments presented in point 3. We, therefore, address only points 1 and 2.

■

■ In its first point, Shelfco argues that the individuals and companies it uses to install its products are independent contractors pursuant to the statutory test enunciated in § 288.034.5 as that test existed prior to its amendment on June 30, 1989. The statute provided:

Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

The conjunctive language of the statute clearly requires that all three conditions must be met. *Heritage Exteriors v. Labor & Indus. Relations Comm'n*, 669 S.W.2d

625, 627 (Mo.App.1984). The burden is on Shelfco to prove that its workers satisfy the express requirements. *Id.* at 628.

█ The third requirement states that an individual in question must be customarily engaged in an independently established trade, occupation, or business. "In order to be removed from the Unemployment Compensation coverage as an independent contractor, the employee (or the independent contractor) must be shown *by the employer* to be 'customarily engaged in an independently established trade, occupation, profession or business.' " *RX Delivery Serv. v. Labor & Indus. Relations Comm'n,* 677 S.W.2d 936, 937 (Mo.App. 1984) (emphasis added). It was, therefore, incumbent upon Shelfco to produce testimony or other evidence showing that the individuals to whom it had paid remuneration were so engaged. The only evidence produced that applied to the relevant time period was testimony of Ms. Forister and installer Herbst. The Appeals Tribunal, as fact finder, was free to disbelieve any of the testimony offered. The Tribunal was not persuaded by the business cards that the installers involved were economically self-sufficient and capable of survival independent of income received from appellant. The Tribunal also found the testimony of the two installers insufficient to meet the employer's burden.

Because it is Shelfco's burden to establish that the workers named in the action are independent contractors and because Shelfco failed to meet that burden, we affirm the decision of the Commission regarding the four named workers, Koenig, Weiss, Rosenblatt, and Gaterman.

## II

█ In its second point, Shelfco argues that the Commission's determination that the installers are employees should not be applied to "all others similarly engaged." Missouri courts have held that the test provided by § 288.034.5 is to be applied to each individual and not to groups of individuals. *See McDonald v. Labor and Indus. Relations Comm'n,* 789 S.W.2d 69 (Mo.App.1990); *Burns v. Labor and In-*

*dus. Relations Comm'n,* 845 S.W.2d 553 (Mo. banc 1993).

In *McDonald,* this court held that without substantial and competent evidence as to persons other than those specifically named, the Commission had no basis for determining them to be employees. In a recent case, the Supreme Court of Missouri overruled *McDonald* stating that that portion of its ruling is inconsistent with § 288.034.5. *Burns,* at 7, 845 S.W.2d at 556. According to *Burns,*

> [i]f a showing is made that money was paid to an individual for services, that evidence is sufficient under the employment security law to establish that the payee was an employee. While there must be evidence that each individual was paid money, the Commission is under no obligation to prove that each individual was not customarily engaged in an independently established calling as is suggested by *McDonald.* . . . All that need be established to support the finding that the . . . individuals were employees was evidence that each performed services for remuneration.

*Id.* at 8, 845 S.W.2d at 557. Once it is established that each individual performed services for remuneration, it is the employer's obligation to prove the elements required to establish them as independent contractors. *Id.* Viewing the evidence in a light most favorable to the Commission's findings, as we are required, we find that the Commission's conclusion that all three of the statutory tests for proving the independent contractor relationship were not met is supported by competent and substantial evidence.

█ The only issue remaining is whether evidence was presented establishing that each individual was paid money. Again, reviewing the record in the light most favorable to the Commission's decision, we find that the only evidence presented concerning money paid is contained on the "Field Report of Wages" submitted by the field auditor. One report was submitted for 1987 listing twenty-five individuals who were paid money. An additional report was submitted for 1988 listing elev-

250

en such individuals. Other evidence indicating that money was paid consists of a payroll ledger sheet for the year 1989 showing that S–H Maintenance Service was paid money in April, May and June 1989. Finally, appellant submitted copies of 1099's for various installers for the year 1989. It is impossible to determine from these forms whether the money was paid before or after the 1989 amendment to § 288.034.5 redefining independent contractor. Therefore, the 1099's are insufficient as evidence that money was paid to the named individuals during the relevant time period.

In light of the evidence presented and the lack of any evidence concerning individuals other than those noted, this court affirms the Commission's decision as to all individuals listed on the "Field Report of Wages" forms and the payroll ledger sheet. As to any and all individuals for whom insufficient or no evidence was presented concerning money paid, the Commission's decision is reversed.

All concur.