Terry Gerard GEILER,
Claimant/Appellant,

v.

MISSOURI LABOR AND INDUSTRIAL RELATIONS COMMISSION, Missouri Division of Employment Security, Edgar J. Lawrence and Dianna Lawrence, E.J., E.J. Lawrence Furniture Sales d/b/a The Furniture Company,

and

Edgar J. Lawrence and Dianna Lawrence d/b/a Lawrence Construction Company, Defendants/Respondents.

No. 69125.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1996.

Scott D. Reynolds, Cape Girardeau, for appellant.

Kurt P. Cummiskey, Counsel, Labor and Industrial Relations Com'n, Jefferson City,

Sandy Bowers, Chief Counsel, Div. of Employment Sec., Jefferson City, for respondents.

Before REINHARD, P.J., and KAROHL and AHRENS, JJ.

PER CURIAM.

This is an unemployment compensation case. On May 27, 1994, claimant filed an unemployment claim, authorized by § 288.070, RSMo 1994,[1] against Dianna and Edgar J. Lawrence. A deputy with the Division of Employment Security determined that claimant was entitled to no wage credits for the third and fourth quarters of 1993 because he had been "paid no wages by ... employer for the period in question." Claimant sought review by an appeals tribunal. *See* § 288.190. After an extensive hearing, the appeals tribunal referee modified the deputy's determination, finding that claimant was entitled to $850 in wage credits for the fourth quarter of 1993, but no wage credits for the third quarter. Claimant appealed to the Commission, *see* § 288.200, which affirmed and adopted the referee's determination. Thereafter he sought judicial review in the circuit court, *see* § 288.210, which affirmed the Commission's determination. This appeal followed.

Claimant was hired by the Lawrences in August 1993 to collect accounts due, and in September 1993, he began selling furniture in the Lawrences' furniture store. Under his employment agreement he was to be paid a one-third commission on all sales and collections. During the period in question, with a small and incidental exception, claimant was the only employee doing this work.

Claimant testified that he turned over "about $7,000" in sales proceeds around September 28, 1993 for September sales. An exhibit showed a deposit into the store's bank account on September 28, 1993 in the amount of $6,233.59, and September sales records show sales in excess of $7,500. The store's bank records also reveal $750 in deposits in October and $1,744 in deposits in November. The sales records show, respectively, approx-

---

1. All statutory citations are RSMo 1994, unless otherwise stated.

imately $613 and $333 in the Lawrences' company sales for those months. (In October, claimant began selling furniture out of the Lawrences' premises under a company he and his family founded, and that money was also given to the Lawrences.)

Claimant testified that the Lawrences, during the entire time of his employment, were "in very serious financial condition." When he asked for his commissions, Mr. Lawrence convinced him to take his pay in furniture. Claimant reluctantly agreed to this arrangement. He stated he calculated the value of the furniture he received by reference to documents the Lawrences later filed in a court proceeding. He sold one item of furniture, a bedroom set, for $850.

The item claimant sold represented the only wage credit he was awarded in the Commission's determination. The relevant portion of the Commission's decision states:

> The Division is directed by [§] 288.060.4, RSMo 1986, as amended, to compute the wage credits for each individual by crediting him with the wages paid to him for insured work during each quarter of his base period or 26 times his weekly benefit amount, whichever is the lesser. Wages means all remuneration, payable or paid, for personal services including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash. Insured work means employment in the service of an employer. Employment means service performed for wages.
>
> Lawrence was an employer under the law with an account number of 242328. It is concluded that the claimant did perform service in employment for wages for Lawrence. It is concluded from the evidence in the hearing record that the claimant's service was in employment as an employee for Lawrence and not as an independent contractor. The claimant was not paid any money by the employer. The claimant was paid in furniture. Since wages means the cash value of all remuneration paid in any medium other than cash, the claimant was paid wages.
>
> The problem is how to value the furniture the claimant received. The value the

claimant has placed on the furniture seems too high, representing a "retail value" from numbers given in a pending lawsuit by Lawrence as the value of the furniture. The value of the furniture is not known. It is concluded that the claimant should get wage credits in the amount of $850 for the fourth calendar quarter of 1993. The amount of $850 received from the sale of the bedroom set is a number known for a fact. Assigning a cash value to the rest of the furniture would be a matter of guess work.

■ On appeal, claimant raises three points concerning the Commission's decision, all of which concern the Commission's valuation of the furniture received as wages. We conclude a remand is required for reconsideration of the evidence of valuation.

▆▆ The burden is on the claimant to prove his entitlement to unemployment compensation benefits. *Tri–State Motor Tr. Co. v. Industrial Com'n*, 509 S.W.2d 217, 220 (Mo.App.1974). On appeal, we review the decision of the Commission, not that of the circuit court. *Burns v. Labor & Indus. Relations Com'n*, 845 S.W.2d 553, 554 (Mo. banc 1993). We may modify, reverse, remand for rehearing, or set aside the decision of the Commission only if: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. § 288.210, RSMo Supp. 1995; *see also* Mo. Const., Art. V, § 18. The findings of the Commission as to facts, if supported by competent and substantial evidence and in the absence of fraud, are conclusive. § 288.210, RSMo Supp.1995; *Burns,* 845 S.W.2d at 554–55.

▆▆ In assessing whether sufficient competent evidence supports the Commission's determination, we review the evidence in the light most favorable to that determination and disregard all opposing and unfavorable evidence. *Burns,* 845 S.W.2d at 555. The Commission determines the weight and credibility of the evidence, and, when that evidence conflicts, the Commission's determi-

nation of the facts is conclusive. *Price v. Labor & Indus. Relations Com'n*, 811 S.W.2d 457, 459 (Mo.App.1991).[2]

Section 288.036, states: "Wages" means "all remuneration, payable or paid, for personal services including commissions and bonuses and, ... the cash value of all remuneration paid in any medium other than cash." In this case, the Commission found that claimant was paid "wages" in a medium other than cash. Specifically, it found claimant was "paid" with four lamps, one curio cabinet, a mirror and dresser, a bedroom set (including a bed, a triple dresser, a chest, and two night stands), one chair, one cocktail table and two end tables.

Nevertheless, the Commission found that the "cash value" of the furniture claimant received (other than the bedroom set) had not been sufficiently proved, and, thus, assigned it *no value*. The Commission based its finding on its assertion that the only evidence of that furniture's value was the "retail value" placed on the furniture by Lawrence in a pending lawsuit. This assertion is not supported by the evidence.

The Commission's decision is premised on the false assumption that the agreed valuation between employer and employee, at essentially opposite bargaining positions, was not entitled to *any* weight for showing the value of the furniture claimant received.[3] The furniture was other than monetary remuneration paid as a commission for furniture sold. The amount of remuneration due claimant was established by his testimony, and the company's record of sales and bank deposits.

The Commission was not required to accept as true claimant's evidence of value, but it was not free to wholly disregard portions of that evidence. The Commission may not arbitrarily ignore relevant evidence not shown to be disbelieved or noncredible. *State ex rel. Kahler v. State Tax Com'n*, 393 S.W.2d 460, 465 (Mo.1965). The Commission's determination essentially cast all but a portion of the non-monetary remuneration as worthless. That conclusion is contrary to undisputed and uncontradicted evidence adduced by claimant.[4] Accordingly, the Commission's decision must be reconsidered.

We remand to the Commission for reconsideration of its determination.

---

2. "[S]ufficiency of the evidence to support a favorable award does not, by itself, constitute overwhelming weight of evidence where the burden of proof is on [the] claimant." *Dehatre v. Smith & Nephew Equipment Group*, 892 S.W.2d 369, 371 (Mo.App. E.D.1995). The issue is not whether the losing party's position is supported by substantial and competent evidence, it is whether the administrative body's decision is supported by substantial and competent evidence. *Equitable Life Assur. Soc. v. Tax Com'n*, 852 S.W.2d 376, 383 (Mo.App. E.D.1993).

3. Methods of valuation and assessment are matters delegated to the expertise of the administra-

tive agency by the legislature. *Quincy Soybean Co., Inc. v. Lowe*, 773 S.W.2d 503, 505 (Mo.App. 1989). An administrative body is not required to adopt any particular valuation technique. *St. Joe Minerals v. State Tax Com'n*, 854 S.W.2d 526, 529 (Mo.App. E.D.1993). Courts have noted that the terms "actual cash value" and "fair market value" are "substantially synonymous." *Pannell v. Missouri Ins. Guaranty Ass'n*, 595 S.W.2d 339, 355 (Mo.App.1980).

4. The evidence in this case was, characterized charitably, haphazardly and randomly adduced. Though some evidence unaddressed in the award is undisputed, it is not particularly coherent.