Linda K. WEBER et al.,
Plaintiffs-Appellants,

v.

The LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri et al., Defendants-Respondents.

No. 28599.

Missouri Court of Appeals,
Kansas City District.

Oct. 11, 1977.

Doyle R. Pryor, Gant, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, for plaintiffs-appellants.

Rick V. Morris, Acting Chief Counsel, William W. Clinkenbeard, Counsel, Div. of Emp. Security, Jefferson City, Don J. Chatfield, Counsel, Labor & Indus. Rel. Com., Jefferson City, for defendants-respondents.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Linda Weber, Pamela Hill, Linda Williams and Karen Witten made claim for unemployment benefits. Their claim was denied by the deputy, the appeals referee and the Commission. Their appeal to the circuit court likewise failed to gain any relief and they have now appealed to this court.

Weber and her fellow employees contend in this court the finding of the appeals referee, which was adopted by the decision of the Labor and Industrial Relations Commission, is erroneous because they had good cause for withholding their services. Affirmed.

Weber and the others were employed by The Edison Credit Union. The Credit Union had its office in a building occupied by The Kansas City Power and Light Company. There was no connection between the Credit Union and the Power and Light Company, and Weber and the three other employees of the Credit Union were in no way employed by the Power and Light Company.

On July 9, 1974, when Weber and the other claimants reported for work they found employees of the Power and Light Company were on strike with pickets stationed at the building where the Credit Union was located. Weber testified she refused to cross the picket line and for that reason did not report to her office to perform her normal duties.

In addition to the four claimants involved here, the Credit Union was operated by a secretary-treasurer who was not a member of the union. The secretary-treasurer crossed the picket line to perform necessary duties in the office, but also made himself available on the lawn and in his car outside the plant in order to transact business with Power and Light employees without the necessity of their crossing the picket line.

Weber testified she never talked with the secretary-treasurer who was in charge of the Credit Union office when she reported for work on July 9 even though she saw him conducting Credit Union business out-side the plant. The strike continued for 83 days, but none of the claimants ever talked with the secretary-treasurer during that time about any duties they were to perform or where they might perform such duties during the strike.

The only evidence concerning conduct of the Credit Union business during a strike by Power and Light employees was a conversation about a week before the strike here involved began. At that time Weber stated the secretary-treasurer said the conduct of the Credit Union's business during the anticipated strike, which later materialized on July 9, would depend upon the girls, meaning the claimants herein. At that time Weber said the girls were not going to work as they did during the last strike when the girls only worked half time. Weber took the position the labor agreement between the four girls in the office and the Credit Union required the layoff of those employees with the least seniority and required the needed employees to work full time. She reported the secretary-treasurer stated none of the girls would receive unemployment compensation, and with that the conversation ended.

The deputy found Weber and the others were ineligible for waiting week credit or benefits under § 288.040–5, RSMo 1969, which provides for ineligibility when unemployment is due to stoppage of work because of a labor dispute. The appeals referee found the ineligibility was because of § 288.040–1(2), RSMo 1969. The appeals referee found Weber and the others ineligible because, as shown by their own evidence, they were not available for work.

Review of a decision by the Labor and Industrial Relations Commission is upon both the facts and the law, but as to questions of fact the review is limited to a determination of whether upon the whole record, including reasonable inferences, the award is supported by competent and substantial evidence, and absent fraud, the findings are conclusive. *Von Hoffman Press, Inc. v. Industrial Commission*, 478 S.W.2d 403, 404[1, 2] (Mo.App.1972).

It is well settled the burden of proof to establish a claimant's right to benefits under the Unemployment Compensation Act is upon the plaintiff and the claimant assumes the risk of non-persuasion. *Haynes v. Unemployment Compensation Commission,* 353 Mo. 540, 183 S.W.2d 77, 80[1] (1944).

In this case the Commission found Weber and her fellow employees were ineligible because they were unavailable for work within the meaning of § 288.040–1(2). Section 288.040–1(1–2) provides:

1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that

(1) He has registered for work at and thereafter has continued to report at an employment office in accordance with such regulations as the division may prescribe;

(2) He is able to work and is available for work; provided, however, that no person shall be deemed available for work unless he has been and is actively and earnestly seeking work;

The burden was upon Weber and the others to establish that they were actively and earnestly seeking work. The only evidence bearing on this issue came from Weber and indicated Weber and the others were not only not seeking work anywhere else, but were refusing to report for work with the Credit Union.

They made no attempt to contact their supervisor to receive instructions as to when and where to work even though they saw their supervisor actively carrying on the business of the Credit Union outside the picket lines. The claimant's evidence wholly fails to show that they made any effort to actively or earnestly seek work from any employer, including their own.

Weber asserts on this appeal the reason no attempt was made to report for work at the Credit Union was because of the violation by the Credit Union of the Collective Bargaining Agreement which required the lowest seniority employees to be laid off when there was insufficient work to occupy all the employees. Whatever the significance of the violation of this Agreement may be, still Weber and the other claimants were required to comply with the provisions of § 288.040–1(2) to actively and earnestly seek employment. Thus, if Weber and the others felt the Credit Union had violated their agreement, they were required to seek employment from other employers in order to qualify for unemployment benefits. Their evidence shows they failed to do this and the finding by the Commission that all four employees were not available for work is supported by substantial evidence.

The judgment is affirmed.

All concur.