Bonnie G. WALKER, Appellant,

v.

SKAGGS COMMUNITY HOSPITAL, Aetna Casualty and Surety Company, and Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Respondents.

No. 21003.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1996.

John R. Lewis, J.T. Magness, Springfield, for appellant.

William D. Powell, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for respondents Skaggs Community Hospital and Aetna Casualty and Surety Company.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Lisha A. Masters, Asst. Atty. Gen., Springfield, for respondent Treasurer of the State of Missouri as Custodian of the Second Injury Fund.

PER CURIAM.

Bonnie G. Walker ("Claimant") appeals from an award of the Labor and Industrial Relations Commission ("Commission") denying compensation under The Workers' Compensation Law, chapter 287, RSMo 1994.[1]

Rule 84.04 [2] applies to appeals arising under The Workers' Compensation Law. *Kerr v. Ehinger, Inc.*, 515 S.W.2d 763, 764[1] (Mo.App.1974). Rule 84.04(a)(1) requires an appellant's brief to contain a concise statement of the grounds on which jurisdiction of the review court is invoked.

The jurisdictional statement in Claimant's brief states, in part:

"This appeal is taken to this Court pursuant to and exists under Mo.Rev.Stat. Sections 115.527 to 115.601, (1982), as specifically enumerated in 115.526(3)."

Those sections appear in chapter 115 of the Revised Statutes of Missouri. Chapter 115 pertains to election authorities and conduct of elections. The sections cited by Claimant appear in a segment of chapter 115 governing election contests and, as best we can determine, have nothing to do with judicial review of awards by Commission in workers' compensation cases.

Rule 84.04(a)(2) requires an appellant's brief to contain a statement of the facts. Rule 84.04(c) provides that the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination. Rule 84.04(h) provides: "All statements of fact and argument shall have specific page references to the legal file or the transcript."

The transcript, including depositions and exhibits, comprises 986 pages. The statement of facts in Claimant's brief occupies less than one page and consists of three paragraphs. The only information it yields regarding the injury in issue [3] is:

"On November 3, 1989, in the scope and course of her employment she fell on the front steps of the hospital while waiting to see the hospital's Workers' Compensation representative. (T–14) In that fall she

---

1. Claimant filed two workers' compensation claims. One was for an accident that occurred June 19, 1989; · the other was for an alleged accident that occurred November 3, 1989. The claims were heard simultaneously by an Administrative Law Judge ("ALJ") of the Division of Workers' Compensation. The ALJ granted compensation for the first accident, but denied compensation for the second. As we comprehend the record, Claimant applied to Commission for review of the ALJ's decision on the second acci-

dent, but not the first. No other party sought review. Commission affirmed the ALJ's decision denying compensation for the second accident. Claimant attacks that ruling in this appeal.

2. Rule references are to Missouri Rules of Civil Procedure (1996).

3. Footnote 1, *supra.*

372

sustained injury to her low back, her right elbow and right leg.... This injury was found not to be compensable and Award was not ordered in favor of the claimant and the matter was denied in its entirety."

In denying compensation for the injuries Claimant allegedly sustained November 3, 1989, Commission adopted the findings of the ALJ, including these:

"[C]laimant, apparently distraught over finding an anonymous letter on her desk which she felt threatened her employment status, was waiting to see a member of the employer's staff and while stepping outside attempted in anger or frustration to kick a soda can and while doing so fell on the steps of the employer's premises.

. . . .

... There fails to be a link between the activities of the claimant, i.e. attempting to kick at a soda can in anger, albeit on the employer's premises, causing a slip and fall to any work-related activity which would reasonably be within the course and scope of employment or which would arising [sic] out of the employer-employee relationship.... There can be no relationship between the claimant's job and the events which transpired on November 3, 1989."

■ The primary purpose of the statement of facts in an appellant's brief is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Wipfler v. Basler,* 250 S.W.2d 982, 984 (Mo.1952); *In re Marriage of Lowe,* 860 S.W.2d 813, 815[1] (Mo.App.S.D.1993).

The statement of facts in Claimant's brief contains no account of the evidence on which Commission's findings (quoted above) were based and leaves no clue as to where we should search for such evidence in the record. The statement of facts therefore preserves nothing for appellate review. *Pemiscot County Memorial Hospital v. Missouri Labor and Industrial Relations Commission,* 825 S.W.2d 61, 63[2] (Mo.App.S.D. 1992); *Simpson v. Galena R–2 School District,* 809 S.W.2d 457, 458 (Mo.App.S.D.1991).

Furthermore, Claimant's statement of facts contains no account of the evidence on

which she relies in support of her contention that there was competent and substantial evidence to establish that she "met her burden of proof that the fall was compensable" (her first point, *infra*). The statement of facts likewise contains no summary of the testimony of Claimant which she maintains Commission and the ALJ "erred in not relying on" (her second point, *infra*).

The statement of facts makes only two references to the record. The first is to page 13 of the transcript, a page of Claimant's testimony. Nothing on that page pertains to the alleged fall on November 3, 1989. The second reference is to page 14 of the transcript, another page of Claimant's testimony. The only thing on that page pertinent to the alleged fall is Claimant's recollection that it occurred November 3, 1989. No account of it appears on that page. Those deficiencies are additional flaws which render Claimant's statement of facts insufficient to preserve anything for review. *White v. White,* 846 S.W.2d 212, 213[3] (Mo.App.S.D.1993).

The argument portion of Claimant's brief supplies little help. It refers to only two pages of Claimant's testimony. The first is page 14 (discussed above). The second is page 44. There, Claimant discusses a physical examination by "Dr. Decker." No account of the alleged fall appears on that page.

The only other reference to evidence in the argument portion of Claimant's brief is to page 7 of the deposition of "Dr. Mauldin."[4] There, the doctor, in narrating the history Claimant provided regarding the alleged fall, related that Claimant found a letter on her desk, which made her angry. She walked out the door, kicked a soda can, and fell down two steps. That account is consistent with Commission's findings. It does not aid Claimant.

The insufficiencies in the argument portion of Claimant's brief identified in the two preceding paragraphs constitute a third reason that her contentions on appeal are ineligible for review. *Cf. Slankard v. Thomas,* 912 S.W.2d 619, 628–29[21] (Mo.App.S.D.1995);

4. Charles C. Mauldin, Jr., M.D.

*Townes v. Jerome L. Howe, Inc.*, 852 S.W.2d 359, 361[6] (Mo.App.E.D.1993).

However, even without the flaws already noted, Claimant's assignments of error are ineligible for review because of another deficiency in her brief.

Rule 84.04(a)(3) requires an appellant's brief to contain the points relied upon. Rule 84.04(d) reads:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

Claimant's brief presents two points relied on. Each is designated "POINT II." The first reads:

"The Industrial Commission erred in affirming the decision of the Administrative Law Judge (ALJ) that the in [sic] injury of November 3, 1989 was outside the scope of employment for the reason the ALJ and the Commission should have found competent and substantial evidence on the whole record to establish the Claimant met her burden of proof that the fall was compensable."

The second reads:

"The Commission and the ALJ erred in not relying on the Claimant's testimony and failing to follow the statutory presumptions in favor of the Claimant."

The purpose of Rule 84.04(d) and the necessity of obeying it are explained in the venerable case of *Thummel v. King,* 570 S.W.2d 679, 684–88 (Mo. banc 1978). Claimant's first point is similar to a point in *Thummel* that was held insufficient. *Id.* at 688 (point VIII). The insufficiency lies in the point's failure to (a) identify the evidence which, *according to Claimant,* establishes that she met her burden of proving the fall was compensable, and (b) explain wherein that evidence was sufficient for such purpose. *Id.* See also *id.* at 685.

Claimant's first point also closely resembles points held insufficient in *Branson Hills Associates, L.P. v. Millington,* 907 S.W.2d 231 (Mo.App.S.D.1995), and *Porter v. Emerson Electric Co.,* 895 S.W.2d 155 (Mo.App. S.D.1995). The point in *Branson Hills* appears at 907 S.W.2d at 233; the point in *Porter* appears as point II at 895 S.W.2d at 160. Consistent with *Thummel, Branson Hills* and *Porter,* we hold Claimant's first point presents nothing for review.

Claimant's second point is equally deficient. It fails to identify the testimony on which it is based, fails to explain wherein Commission erred in not relying on such testimony, and fails to identify the "statutory presumptions" Commission allegedly failed to follow.

For the reasons in the three preceding paragraphs, we hold neither of Claimant's points relied on presents anything for review.

 Nonetheless, we have, *ex gratia,* examined the record for plain error. Rule 84.13(c). Mindful that Commission was not required to believe Claimant's testimony about how the fall occurred, *Page v. Green,* 686 S.W.2d 528, 530[3] (Mo.App.S.D.1985); *Blissenbach v. General Motors Assembly Division,* 650 S.W.2d 8, 11[5] (Mo.App.E.D. 1983), and that Claimant, on various occasions, gave unsworn accounts of the fall that conflicted with her testimony, we find no manifest injustice or miscarriage of justice in the denial of the claim.

Commission's award denying compensation is affirmed.