Kelly W. ENGLAND, Appellant,

v.

REGAN MARKETING, INC., and Division of Employment Security, Respondents.

No. 21180.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 27, 1997.

Appellant, pro se.

Ronald J. Miller, Jefferson City, for Respondent Division of Employment Security.

No appearance, for Respondent Regan Marketing, Inc.

CROW, Presiding Judge.

Kelly W. England ("Claimant") appeals from a decision of The Labor and Industrial Relations Commission of Missouri ("Commission") denying his claim for benefits under the Missouri Employment Security Law, chapter 288, RSMo 1994, as amended.

The dispute began when Claimant filed a claim averring he was discharged from employment by Regan Marketing, Inc., ("Employer") on January 19, 1996. Employer protested the claim on the ground that Claimant "quit."

A deputy of the Division of Employment Security ("Division") determined: "The Claimant is disqualified ... because the Claimant left work ... voluntarily without good cause attributable to his work or employer on 01/19/96." The deputy's determination was based on § 288.050, RSMo 1994, which reads, in pertinent part:

"1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages for work insured under the unemployment compensation laws of any state equal to ten times his weekly benefit amount if the deputy finds:

(1) That he has left his work voluntarily without good cause attributable to his work or to his employer...."

Claimant appealed the deputy's determination to an Appeals Tribunal of Division. The Tribunal conducted an evidentiary hearing at which two witnesses testified: Claimant and Allen Kent Epstein, Employer's "branch manager."

The substance of Claimant's testimony was that Epstein fired him January 19, 1996, because he had been absent from work and Employer was dissatisfied with his "sales attainment." The substance of Epstein's testimony was that Claimant told Epstein on January 19, 1996, that he (Claimant) was quitting because he was "burnt out" and had "several businesses on the side."

The Appeals Tribunal rendered a decision stating:

"The Appeals Tribunal is unable to conclude that the testimony of either witness

was more credible than the testimony of the other.

. . . .

The claimant had the burden of proving that he was entitled to unemployment compensation benefits.... The claimant failed to carry his burden of proving that he was discharged by the employer. There is no evidence that the claimant quit his job on January 19, 1996, with good cause attributable to his work or to his employer."

For those reasons, the Appeals Tribunal affirmed the deputy's determination that Claimant was disqualified for benefits.

Claimant thereupon made application for review by Commission. In a two-to-one decision, Commission held the decision of the Appeals Tribunal should be affirmed "because it is fully supported by the competent and substantial evidence on the whole record and it is in accordance with the relevant provisions of the Missouri Employment Security Law." The two-member majority adopted the decision of the Appeals Tribunal as the decision of Commission.

The dissenting member of Commission believed the Appeals Tribunal erred in placing the burden of proof on Claimant, as no such burden is "mandated by statute or case law."

Claimant brings the instant appeal to this court per § 288.210, RSMo Supp.1995, which reads, in pertinent part:

" ... after a decision of the commission has become final ... any party aggrieved by such decision may appeal the decision to the appellate court having jurisdiction in the area where the claimant ... reside[s].... The commission shall notify the division [of employment security] of the commencement of the appeal, and, upon receipt of such notice, the division shall be a party to any judicial action involving any such decision.... Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

. . . ."

■ Claimant, appearing pro se, has filed an eight-page document designated "Appellant Brief." In the first three pages, Claimant sets forth five contentions which, according to him, "show who in this case is telling the truth." Two of the contentions, as we comprehend them, refer to evidence outside the record and to individuals who could have contradicted some of Epstein's testimony had they appeared as witnesses before the Appeals Tribunal. The final five pages of Claimant's brief are copies of documents.

Rule 84.04(a), Missouri Rules of Civil Procedure (1996), reads:

"The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.' "

Subsequent paragraphs of Rule 84.04 ordain specific requirements for each of the components enumerated in Rule 84.04(a).

Claimant's brief contains no jurisdictional statement, no statement of facts, no points relied on, and cites no statute or case law. The only averment even arguably resembling a point relied on is an assertion that Claimant was not given any opportunity at the Appeals Tribunal hearing to produce or present evidence contrary to Employer's evidence.

The record refutes that complaint. The Appeals Tribunal allowed Claimant to testify prior to Epstein and again after Epstein.

Claimant identifies no evidence offered by him that was rejected by the Appeals Tribunal.

Claimant appears to believe he is entitled to present additional evidence in this appeal, as his brief says: "I would very much appreciate the opportunity to present my evidence and case to the board of appeals."

Earlier in this opinion we quoted part of § 288.210, RSMo Supp.1995. Included in the quoted segment was the sentence that reads: "Upon appeal no additional evidence shall be heard."

It is obvious in this appeal that we have an appellant who is trying, in good faith, to obtain a favorable adjudication, but who (a) is unfamiliar with the limited role of an appellate court and (b) has filed a brief that fails to properly present any issue for review.

■ In pondering how to handle this vexing situation, we must adhere to the well established precedent that a party unrepresented by counsel must comply with the same procedural requirements as a party represented by counsel. *Sours v. Pierce*, 908 S.W.2d 863, 865[1] (Mo.App. S.D.1995); *Schneller v. GEICO*, 873 S.W.2d 679, 680[1] (Mo.App. S.D.1994).

In *Walker v. Skaggs Community Hospital*, 935 S.W.2d 370 (Mo.App. S.D.1996), this court held an appellant's brief (prepared by counsel) was too deficient to present anything for review. Claimant's brief is vastly more deficient than the appellant's brief in *Walker*. In obedience to *Sours, Schneller* and *Walker*, we hold Claimant's brief presents nothing for review.

However, in *Walker* we examined the record *ex gratia* to determine whether the appellant was entitled to relief for plain error under Rule 84.13(c).[1] 935 S.W.2d at 373[4]. We shall give Claimant the same consideration in this appeal.

■ As reported earlier, the Appeals Tribunal ruled (a) Claimant had the burden of proving he was discharged by Employer,

which would qualify Claimant for benefits, and (b) Claimant's testimony was no more credible than that of Epstein—Employer's witness—who avowed Claimant quit. Consequently, the Tribunal denied the claim because Claimant failed to carry his burden of proof.

Affirming the decision of the Appeals Tribunal, the two-member majority of Commission held the Tribunal's decision was supported by competent and substantial evidence and was in accordance with law. The majority adopted the Tribunal's decision as the decision of Commission.

The majority's holding appears to be susceptible to two different interpretations. On the one hand, it might be inferred that the majority believed Epstein and found his testimony sufficient to support a finding that Claimant voluntarily quit his job. On the other hand, it might be inferred that the majority embraced the Appeals Tribunal's rationale that Claimant had the burden of proof and that inasmuch as his testimony was no more credible than that of Epstein, Claimant failed to carry his burden.

In resolving this appeal, we need not decide which inference to accept. As explained *infra*, the outcome is the same under either inference.

■ It is axiomatic that we review the decision of Commission, not that of the Appeals Tribunal. *Cf. Burns v. Labor and Industrial Relations Commission*, 845 S.W.2d 553, 554[1] (Mo. banc 1993). We have studied the Tribunal's decision only because it was necessary in attempting to understand the majority decision of Commission.

In *Haynes v. Unemployment Compensation Commission*, 353 Mo. 540, 183 S.W.2d 77, 80[1] (1944), the court held:

"[T]he burden of proof to establish a claimant's right to benefits under the Unemployment Compensation Law rests upon the claimant. An unemployed individual is eligible to receive benefits only if the commission finds that the required conditions

---

1. Rule 84.13(c), Missouri Rules of Civil Procedure (1996), reads: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

have been met. The claimant assumes the risk of non-persuasion and we think the general rule applicable to ordinary court proceedings applies. 'The burden of proof, meaning the obligation to establish the truth of the claim by preponderance of the evidence, rests throughout upon the party asserting the · affirmative of the issue * * *. This burden of proof never shifts during the course of the trial.' " (Citations omitted.)

The above holding has been consistently followed. *Vaughn v. Labor and Industrial Relations Commission*, 603 S.W.2d 63, 65 (Mo.App. E.D.1980); *Nelson v. Labor and Industrial Relations Commission*, 594 S.W.2d 356, 358[2] (Mo.App. W.D.1980); *Weber v. Labor and Industrial Relations Commission*, 557 S.W.2d 669, 671 (Mo.App. 1977); *Tri–State Motor Transit Co. v. Industrial Commission*, 509 S.W.2d 217, 220[1] (Mo.App.1974).[2] The dissenting member of Commission was wrong in believing the Appeals Tribunal erred by placing the burden of proof on Claimant.

██ Determination of credibility of witnesses is a function of Commission. *Burns*, 845 S.W.2d at 554–55[2]. Consequently, the two-member majority of Commission could have properly found—as did the Appeals Tribunal—that Claimant's testimony was no more credible than that of Epstein. Assuming, arguendo, that the majority made that credibility determination, denial of the claim on the ground that Claimant failed to carry his burden of proof was the proper result.

██ Another tenet of judicial review in an appeal from a decision of Commission is that its findings as to facts, if supported by competent and substantial evidence and in the absence of fraud, are conclusive. *Burns*, 845 S.W.2d at 554–55. The appellate court reviews the evidence in a light most favorable to the findings and decision of Commis-

sion and disregards all opposing and unfavorable evidence. *Id.* at [3].

Epstein's testimony was competent and substantial evidence that Claimant quit his job. If believed by the two-member majority of Commission, Epstein's testimony was sufficient evidentiary support for denial of the claim. Claimant's contention that Epstein is a liar does not warrant reversal, as an appellate court defers to Commission's resolution of conflicting evidence. *IXL Manufacturing Co. v. Labor and Industrial Relations Commission*, 679 S.W.2d 903, 905[3] (Mo.App. S.D.1984).

In sum, Commission could have properly denied Claimant benefits by finding Epstein more credible than Claimant or by finding neither Epstein nor Claimant more credible than the other. That being so, the denial of benefits was not a manifest injustice or miscarriage of justice warranting plain error relief.

Commission's decision is affirmed.

PARRISH and SHRUM, JJ., concur.

---

2. There are cases holding that where an employer discharges an employee and the employer maintains the employee is ineligible for unemployment compensation benefits because the employee was discharged for misconduct, the employer has the burden of proving misconduct by competent and · substantial evidence. *Garden View Care Center, Inc. v. Labor and Industrial Relations Commission*, 848 S.W.2d 603, 606[5] (Mo.App. E.D.1993); *Business Centers of Missouri, Inc. v. Labor and Industrial Relations Commission*, 743 S.W.2d 588, 589[1] (Mo.App. E.D. 1988). Those holdings are inapplicable here, as the dispositive issue is whether Claimant quit or was fired, not whether he was fired for misconduct.