Janice RICHARDSON, Claimant–
Appellant,

v.

JAMA SUE, INC., d/b/a Bruno's Restau-
rant & Lounge and Missouri Division of
Employment Security, Respondents.

No. 22062.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 4, 1998.

Sidney T. Pearson III, Meramec Area Le-
gal Aid Corp., Rolla, for appellant.

Marilyn Green, Cynthia A. Quetsch, Jeffer-
son City, for Div. of Employment Security.

PARRISH, Judge.

Janice Richardson (claimant) appeals an
order of the Labor and Industrial Relations
Commission (the commission) that denied her
claim for unemployment benefits. This court
affirms.

For purposes of this court's review,
"[t]he Commission's findings as to facts, if
supported by competent and substantial evi-
dence, in the absence of fraud, are conclu-
sive." *Simpson Sheet Metal, Inc. v. Labor &
Indus. Relations Comm'n,* 901 S.W.2d 312,
313 (Mo.App.1995). The evidence is viewed
in a light most favorable to the commission's
decision. *England v. Regan Mktg., Inc.,* 939
S.W.2d 62, 66 (Mo.App.1997). Opposing and
unfavorable evidence is disregarded. *Id.*

The appeals tribunal's findings, which the
commission adopted, include:

The claimant worked at the employer's
restaurant as a prep cook. On July 19,
1997, the claimant was counseled by the
employer regarding whether she was prop-
erly performing her duties. The employer
told the claimant, "This is not working".
Thereupon the claimant responded, "If you
want to fire me then go ahead". Following
additional discussion, the claimant re-
turned to work. Later, the claimant left
work never to return.

The commission concluded that "claimant
... failed to meet her burden of demonstrat-
ing that she was discharged as opposed to
voluntarily leaving work." It found that
claimant voluntarily left her employment as a
result of receiving counseling from the em-

ployer on July 19, 1997; that there was nothing about the counseling session that "would have granted the claimant good cause to leave work." The commission held that claimant was disqualified for benefits "as a result of her voluntary separation from work."

Section 288.210, RSMo Supp.1997, prescribes this court's authority with respect to appeals of unemployment compensation orders. This court "may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award." *Id.*

■ Claimant contends the commission's finding that she voluntarily left her employment was not based on "substantial and competent evidence." She argues there was no evidence that she voluntarily left her employment.

Jama Sue Graham testified at the hearing before the appeals tribunal referee. She testified she was president of Jama Sue, Inc., claimant's employer. Ms. Graham testified that claimant's last day of work was July 19, 1997; that claimant completed her shift on that day. Ms. Graham was asked, "Did she quit her employment or was she discharged?" Ms. Graham answered, "I think it was a mutual understanding. She was called into a private room to be counseled."

The referee asked Ms. Graham, "What happened in the counseling session?" Ms. Graham explained that she told claimant, "[T]his is not working." Ms. Graham testified that claimant then told her, "[I]f you want to fire me go ahead, you've harassed me since Day 1." Claimant made additional derogatory remarks to Ms. Graham. Ms. Graham explained, "She continued with comments like this until I suggested that she pray for me and that I would have her

paycheck ready the next day—on Monday, the next workday. I feel the outcome could have been different."

Ms. Graham was asked the following questions and gave the following answers:

Q. When you called her in what were you intending to do in—

A. I was—

Q. the session?

A. I was intending to counsel her in the fact that everybody at Bruno's works together. When you make a mistake or—I mean very often if you just say yes, ma'am, I'm sorry, I'll do better next time, rather than be so defensive, that, you know, that it could be worked out.

Q. Was it your intention when you called her in to fire her?

A. No.

The finding that claimant's separation from work was voluntary and did not occur for good cause attributable to her work was supported by competent and substantial evidence. The commission's order is affirmed.

PREWITT, P.J., and CROW, J., concur.